BUFFALO GAIETY THEATRE CO., INC., Respondent, *v.* INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Appellant.

First Department, December 31, 1926.

Judgments — summary judgment — action on indemnity bond against theft by employee — bond was limited to $2,000 but assumed to cover liability of bond which it replaced — total embezzlement, extending over three periods, amounted to $6,000 — motion for partial summary judgment on ground that defendant admitted liability of $2,000 — amended answer, which was served after motion was heard, admitted liability in aggregate of $2,000 — letter written by defendant construed as offer of compromise of entire claim — summary judgment, under Rules of Civil Practice, rule 113, cannot be granted where claim is unliquidated — present claim is unliquidated — compromise having been rejected, defendant is entitled to plead defenses to all causes of action.

This is an action to recover on a surety bond given to indemnify the plaintiff against theft by employees, and it stipulated to assume liability under a bond given by another corporation, which was canceled when the present bond was issued, but it also limited the liability of the defendant to the sum of $2,000. One of plaintiff's employees embezzled funds over three distinct periods, of $2,000 for each period, two of which periods were before the issuance of the bond by the defendant. The plaintiff sues in three causes of action to recover the sum of $6,000, and the defendant in its original answer, in respect to the third cause of action for $2,000 lost after the present bond was issued, admitted the liability and offered to pay the amount in full discharge of any liability.

The order granting plaintiff's motion for partial judgment to the extent of the liability admitted, must be reversed, since it appears that after the motion was heard an amended answer was served admitting defendant's liability in the aggregate of $2,000. Later, the motion for summary judgment was reargued

**670** Buffalo Gaiety Theatre Co., Inc., *v.* Indemnity Ins. Co.

First Department, December, 1926. [Vol. 218

and the court had before it a letter written by the defendant to the attorney for the plaintiff, offering the sum of $2,000 in full settlement and satisfaction of any and all liability. This letter must be construed as an offer to compromise and settle the claim of the plaintiff for $6,000, for the sum of $2,000.

Since this offer was rejected, and since summary judgment cannot be granted under rule 113 of the Rules of Civil Practice, except where the demand is liquidated, the order must be reversed and the defendant given an opportunity to plead its defenses to all the causes of action.

Merrell, J., dissents.

Appeal by the defendant, Indemnity Insurance Company of North America, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of January, 1926, granting, after reargument, plaintiff's motion for partial summary judgment and severing the action and continuing the same as to the remaining relief demanded in the complaint, and also from a judgment entered in said clerk's office on the 4th day of February, 1926, pursuant to said order.

*Thomas L. Ennis* of counsel [*Hughes, Rounds, Schurman & Dwight,* attorneys], for the appellant.

*Jacob I. Goodstein,* for the respondent.

Finch, J. The plaintiff sued upon a fidelity bond. The complaint alleges that one of plaintiff's employees named in the schedules attached to said bond, as covered thereby in the face amount of $2,000, embezzled and appropriated to his own use a sum in excess of $2,000 of money belonging to the plaintiff in each of three periods alleged, resulting in an alleged loss to the plaintiff during each of said periods in an amount in excess of $2,000, or a total in excess of $6,000. The defendant's bond replaced a bond of the Globe Indemnity Company. The complaint further alleges that the bond of the defendant provided it should cover any loss sustained by the plaintiff under the bond of the Globe Indemnity Company which would have been recoverable thereunder had it not been canceled, but provided that the total liability of the defendant in respect to any employee in no event should exceed the amount of suretyship under its bond on the position filled by said employee. The first two causes of action claim losses in excess of $2,000 each for the periods August 1, 1920, to July 31, 1921, and August 1, 1921, to July 31, 1922, during which periods the insurance was carried by the Globe Indemnity Company. The third cause of action alleges a similar loss during the period August 1, 1922, to August 1, 1923, when the bond of the defendant was in force. The defendant in its original answer, as defenses to the first two causes of action, set up that the bond specifically

provided that the total liability of the company should in no event exceed the amount of suretyship under its bond in the position filled by such employee, which was the sum of $2,000. In respect to the third cause of action the defendant in said original answer admitted it had offered to pay plaintiff $2,000, the amount of suretyship under its bond, and offered to pay said amount in full discharge of any liability on said bond.

On the motion for summary judgment the plaintiff submitted an affidavit to the effect that the defendant's answer admitted plaintiff was entitled to recover the sum of $2,000 on the third cause of action. The defendant then served an amended answer in which it admits liability to the plaintiff in the aggregate and exclusive sum of $2,000 on its said bond, provided that the plaintiff shall legally and sufficiently prove pecuniary loss sustained by it through any fraudulent act committed by the said employee. The amended answer further set forth that the defendant offered to pay plaintiff $2,000 and is still willing to pay that amount " in full discharge of any liability on said bond." At the time of the motion for summary judgment the amended answer was not before the court. After said motion was granted, the defendant obtained a reargument, at which time the amended answer was submitted, as also was submitted a letter written by a representative of the defendant company, which the plaintiff claimed constituted an admission of liability of plaintiff's claim to the extent of $2,000. This letter the Special Term held must be deemed an absolute admission of such liability and that in fact it created a debt on the part of the defendant for that amount. It reads as follows:

" Indemnity Insurance Company
" of North America
" Philadelphia

" New York Office                         New York, *April* 4, 1925.
" William Merkle, *Superintendent,*
        " Surety Claim Division,
                " 122 William Street.
" Mr. Jacob I. Goodstein,
            " 220 West 42nd Street,
                        " New York City.
            " Re: H. O. 3476 — Sched. 3175
                    " Arthur Feine
            " Columbia Amusement Company

" Dear Sir.— Replying to your letters of February 20th and March 23rd, we wish to advise that we have concluded, after carefully considering the facts in this case, that we are liable under the

bond to the extent of $2,000.00 for the loss for which claim is being made herein. We are, therefore, inclosing our draft #94587 drawn to the order of the Columbia Amusement Company in the sum of $2,000.00 in full settlement and satisfaction of any and all liability.

" Please acknowledge receipt of this draft.

" Very truly yours, 

" WM:AS          " (Signed)          WILLIAM MERKLE."

In explanation of this letter is the affidavit of William Merkle, who wrote the same, stating that he did not mean thereby that the defendant admitted the allegations of fact on which the plaintiff's claim was based, nor to admit a liability of $2,000 on account of the claim, but that the letter and the check inclosed for $2,000 was an offer of settlement of the entire claim for that amount. From this record it appears that the defendant was willing to compromise the claim of $6,000 by the payment of $2,000. This offer having been rejected, the defendant was entitled by its amended answer to put in issue the fact of loss and to put the plaintiff to proof of its loss.

By the contract between the parties the defendant undertakes to indemnify the plaintiff for the amount of loss actually sustained. The amount of such loss is uncertain and unliquidated, and depends upon proof to be adduced by the plaintiff. Rule 113 of the Rules of Civil Practice, providing for the granting of summary judgments, has application only to actions to recover a debt or liquidated demand. The case at bar, therefore, does not fall within the class of actions in which summary judgment may be granted, unless it can be held that the defendant has admitted an absolute liability in that amount. As noted, the letter of the defendant relied upon by the plaintiff as establishing this contention, is not fairly susceptible of such a construction, but only that it constitutes an offer to compromise a possible liability of $6,000 by a payment of $2,000 in full settlement. Such offers take place daily in attempted settlements, and are always construed as conditional and not absolute offers. If the condition is not accepted, the offer falls.

It follows that the judgment and the order severing the action should be reversed, with costs, and the motions denied, with ten dollars costs.

CLARKE, P. J., MARTIN and BURR, JJ., concur; MERRELL, J., dissents.

Judgment and order reversed, with costs, and motion for summary judgment or for partial judgment and severance of the action denied, with ten dollars costs.